**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RYAN BONNEAU,
        *Plaintiff-Appellant,*

v.

CENTENNIAL SCHOOL DISTRICT NO.
28J; JANET BURMIESTER; JOHN
GREENHALGH; WILLIAM VAN HORN;
CENTENNIAL SCHOOL DISTRICT
SCHOOL BOARD; GEORGE BENSON,
Dr.,
        *Defendants-Appellees.*

No. 10-36070
D.C. No. 3:10-cv-
00871-KI

OPINION

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Argued and Submitted
December 6, 2011—Seattle, Washington

Filed January 11, 2012

Before: A. Wallace Tashima, M. Margaret McKeown, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge McKeown

133

---

**COUNSEL**

Paul B. Eaglin, EAGLIN LAW OFFICE, Fairbanks Alaska, for the plaintiff-appellant.

Leslie A. Kocher-Moar, MACMILLAN, SCHOLZ, & MARKS, P.C., Portland, Oregon, for the defendants-appellees.

---

**OPINION**

McKEOWN, Circuit Judge:

In the wake of concerns about delayed reporting of child abuse, Oregon, like a number of states, adopted a special statute of limitations for abuse victims. Under the Oregon statute, an action must be commenced before the person reaches age 40 or within five years of discovery of the causal connection

between the abuse and the injury. Or. Rev. Stat. § 12.117(1). The question we consider is the effect of this statute on Ryan Bonneau's federal civil rights claim under 42 U.S.C. § 1983. In affirming the district court's dismissal of the action as time barred, we conclude that Oregon's general statute of limitations, rather than the specialized abuse statute, governs Bonneau's claims, and that federal, not state, law governs accrual of his claims.

## ANALYSIS

Bonneau, age 34 at the time he filed this action, alleges that while he was an elementary school student from 1986 to 1988, he was beaten by teachers at the school. Defendants include the teachers, his then-school principal, and the school district (collectively, "the District"). Bonneau claims he experienced physical and emotional injuries at the time of the alleged beatings.

The district court dismissed Bonneau's action as untimely, ruling that the child-abuse specific statute of limitations did not apply to a § 1983 claim. The court instead applied Oregon's two-year residual statute of limitations for personal injury and its related one-year tolling provision for minors who had reached the age of 18. *See* Or. Rev. Stat. §§ 12.110, 12.160.

## I.  OREGON'S GENERAL STATUTE OF LIMITATIONS, NOT THE SPECIALIZED ABUSE STATUTE, PROVIDES THE RELEVANT STATUTE OF LIMITATIONS

[1] Three provisions of Oregon statute of limitations law are relevant to our analysis—the general personal injury statute, the minor tolling statute, and the child abuse statute. Oregon has a two-year statute of limitations for general personal injury claims, including assault. Or. Rev. Stat. § 12.110. Tolling for minors generally is governed by Or. Rev. Stat. § 12.160, which provides that for "a child who is younger

than 18 years of age, the statute of limitation . . . is tolled for so long as the person is younger than 18 years of age" but "[t]he time for commencing an action may not be extended . . . for more than five years, or for more than one year after the person attains 18 years of age, whichever occurs first." Finally, Or. Rev. Stat. § 12.117(1), entitled "Child Abuse," states:

> Notwithstanding ORS 12.110 . . . or 12.160, an action based on conduct that constitutes child abuse . . . must be commenced before the person attains 40 years of age, or if the person has not discovered the causal connection between the injury and the child abuse, nor in the exercise of reasonable care should have discovered the causal connection between the injury and the child abuse, not more than five years from the date the person discovers or in the exercise of reasonable care should have discovered the causal connection between the child abuse and the injury, whichever period is longer.

Bonneau urges that the child abuse-specific statute should be applied in his case because his claims are predicated on child abuse and he filed suit before reaching age 40. Supreme Court precedent forecloses this approach.

**[2]** In *Wilson v. Garcia*, the Supreme Court explained that a state's residual personal injury statute of limitations, not a range of specialized statutes of limitations, should be applied to § 1983 claims to prevent unnecessary litigation and preserve the efficacy of the § 1983 remedy. 471 U.S. 261 (1985). Because § 1983 operates with a "broad" "sweep," a single § 1983 claim may "be favorably analogized" to a host of state law claims. *Id.* at 272-73. Making the applicable statute of limitations dependent on the analogous state tort claim would lead to "uncertainty and time-consuming litigation that is foreign to the central purposes of § 1983," undermine its efficacy, *id.,* and frustrate "a primary goal of statutes of

limitations": clarity and certainty in litigation. *Owens v. Okure*, 488 U.S. 235, 240 (1989).

**[3]** Bonneau urges that considerations unique to child abuse counsel adoption of § 12.117 instead of § 12.110. The Court made clear, however, that § 1983 does not incorporate the policy considerations that underlie specific torts and their statutes of limitations, as it both "override[s]" and is "supplementary to any remedy any State might have." *Wilson*, 471 U.S. at 272 (internal quotation marks and citations omitted). Hence, identification of the appropriate statute of limitations for § 1983 claims "is essentially a practical inquiry" that is mindful of the purposes of § 1983, *Owens*, 488 U.S. at 242, and allows "the identification of the appropriate statute of limitations to be an uncomplicated task for judges, lawyers, and litigants, rather than a source of uncertainty, and unproductive and ever-increasing litigation." *Wilson*, 471 U.S. at 275. Notably, in *Owens*, the Court listed special statutes of limitations for child abuse victims as examples where it feared "confusion over the choice among . . . multiple intentional tort provisions." 488 U.S. at 244 & n.8. Accordingly, in this § 1983 suit, the district court appropriately borrowed Oregon's residual two-year statute of limitations for personal injury actions. Or. Rev. Stat. § 12.110.

## II.   OR. REV. STAT. § 12.117 DOES NOT TOLL BONNEAU'S ACTION

**[4]** Because Bonneau was a minor when the alleged incidents occurred, we also borrow the "related" tolling statute, § 12.160, which tolled Bonneau's claims until he reached age 19 at the latest. *Wilson*, 471 U.S. at 269. Recognizing that he has an uphill battle in invoking the child abuse statute as the applicable statute of limitations, Bonneau shifts gears and argues that the statute should be treated as a tolling provision. He reasons that by allowing a victim to bring a claim before the age of 40, § 12.117 tolls § 12.110's two year limitations period. This argument fails because even if construed as a

tolling statute, § 12.117 does not satisfy the requirement of being "closely related" to the two-year residual statute of limitations for purposes of borrowing a tolling provision from state law.

**[5]** The tolling rule must be "closely related" to the borrowed statute of limitation. *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002). It would no less frustrate "the federal interest in uniformity and the interest in having firmly defined, easily applied rules" were we to obediently apply the residual statute of limitations, only to then adopt a tort-specific tolling provision. *Wilson*, 471 U.S. at 270 (internal quotation marks omitted). Such a holding "would succeed only in transferring the [ ] confusion over the choice among multiple [statutes of limitations] to a choice among multiple [tolling] provisions." *Owens*, 488 U.S. at 244. We decline Bonneau's invitation to apply § 12.117 as a tolling statute for the two-year limitations period in § 12.110.

### III. REPRESSED MEMORY IN THIS CASE DOES NOT DELAY ACCRUAL

Bonneau alleged, for the first time in his motion for reconsideration in the district court, that accrual of his claims should be delayed because he repressed memories of the beatings. We generally do not consider arguments raised for the first time in a motion for reconsideration. *Wagner v. United States*, 374 F.2d 86, 87 (9th Cir. 1967). Even if we exercise the leniency sometimes afforded pro se plaintiffs, the argument does not succeed.[1]

Consistent with *Wilson* and *Owens*, federal, not state, law determines when a federal cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Although Bonneau pays lip

---

[1]Although Bonneau was pro se in the district court, he was ably represented on appeal by a counsel appointed through the Ninth Circuit's Pro Bono Program.

service to federal law, he spends much of his brief explaining how the accrual rule of § 12.117 applies, arguing in passing that the state rule essentially mirrors federal accrual doctrine. However, the Supreme Court instructs that in the case of accrual, rather than considering state law, we must revert to "federal rules conforming in general to common-law tort principles." *Id.* A consistent accrual principle for § 1983 claims reflects *Wilson*'s direction that such claims are distinct from and unaffected by the manner in which a state chooses to shape a state law cause of action. We therefore do not—and need not—analyze Bonneau's claims under state law.

**[6]** The general common law principle is that a cause of action accrues when "the plaintiff knows or has reason to know of the injury." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). We have interpreted the "question . . . [of] what . . . we mean by injury" with some flexibility, and held that a "claim accrues" not just when the plaintiff experiences the injury, but "when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008). In this case, Bonneau was aware of the injuries he experienced as a child as well as their causes at the time of the beatings. Indeed, he immediately confided in other teachers and his parents, and he alleges no other injuries whose cause he belatedly discovered can be traced to the alleged abuse. Under the common law rule, Bonneau has not alleged sufficient facts to support delayed accrual of his claims.

**AFFIRMED.**