**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALFRED LAM; FRANK CHEN; PAULA LEIATO; GREGORY CHIN,

              Plaintiffs - Appellants,

  v.

CITY AND COUNTY OF SAN FRANCISCO; TIMOTHY DIESTEL; DENNIS DOYLE; ALFRED FLECK; CHARLES LEWIS; ALLEN NANCE; JOHN RADOGNO; WAYNE WILLIAMS; BARRY YOUNG; BRYAN THOMASSON; JUVENILE PROBATION DEPARTMENT OF THE CITY & COUNTY OF SAN FRANCISCO,

              Defendants - Appellees.

No. 12-16349

D.C. No. 4:08-cv-04702-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted March 12, 2014
San Francisco, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: McKEOWN and GOULD, Circuit Judges, and QUIST, Senior District Judge.[**]

Plaintiffs-Appellants Alfred Lam, Gregory Chin, Frank Chen, and Paula Leiato (collectively "Appellants")—all of Asian-Pacific American ("APA") race and/or descent—appeal two of the district court's evidentiary decisions, as well as its grant of summary judgment to the City and County of San Francisco (hereafter the "City"), on Appellants' action alleging racially-motivated workplace discrimination in violation of 42 U.S.C. § 1983, California Government Code section 12940, and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion when it considered the declarations of five previously undisclosed City witnesses. *See Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 462 (9th Cir. 2014) (en banc). Four of the five declarants merely authenticated documents already in the record. The City's non-disclosure of these witnesses was harmless. *See* Fed. R. Civ. P. 37(c)(1); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111, 1120 (N.D. Cal.

---

[**] The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

[1] Appellants did not brief their harassment and retaliation claims on appeal; those claims are therefore waived. *See Hall v. City of L.A.*, 697 F.3d 1059, 1071 (9th Cir. 2012).

2011). The City's failure to disclose the fifth contested declarant—who did provide substantive testimony—was harmless because (1) his testimony was cumulative, and (2) the relevant claim was time-barred.

Similarly, the magistrate judge did not abuse her discretion when she denied Appellants' request to compel further testimony from the City's Federal Rule of Civil Procedure Rule 30(b)(6) deponent. *See Quinn v. Anvil Corp.*, 620 F.3d 1005, 1015 (9th Cir. 2010). Nor was the district court's implicit affirmation of that order "'clearly erroneous or contrary to law.'" *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (quoting 28 U.S.C. § 636(b)(1)(A)). Appellants contend that the City's deponent did not provide specific information regarding disciplinary actions taken against San Francisco Juvenile Probation Department ("JPD") employees from 2005-2011. But this argument ignores that the City ultimately handed over all available records outlining the number and types of disciplinary actions and the ethnicity of the employees involved.

Many of Appellants' discrimination claims are time-barred. *See* 42 U.S.C. § 2000e-5(e)(1) (setting a 300-day limitations period for Title VII claims); *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579 (9th Cir. 2012) ("[A] state's residual personal injury statute of limitations . . . should be applied to § 1983 claims . . . ."); *see also* Cal. Civ. Proc. Code § 335.1 (establishing a two-

3

year statute of limitations in California for civil actions for "injury to . . . an individual caused by the wrongful act or neglect of another"). We review those that are timely under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

We assume without deciding that Appellants' timely claims establish a prima facie case of discrimination. *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010); *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113-14 (Cal. 2000). But we conclude, as did the district court, that Appellants have not raised a triable issue of material fact as to whether the City's proffered nondiscriminatory reasons for its promotion and disciplinary practices were a "mere pretext for unlawful discrimination." *Hawn*, 615 F.3d at 1155; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142-43 (2000). Stated another way, Appellants have offered neither direct evidence of a discriminatory motive, nor "specific and substantial" circumstantial evidence of pretext. *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112-13 (9th Cir. 2011) (internal quotation marks omitted). Because Appellants' "subjective belief that the challenged employment action was unnecessary or unwarranted" is not sufficient to create a genuine issue of material fact, *see Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028-29 n.6 (9th Cir. 2006), the district court properly granted

4

summary judgment to the City on the Title VII claims.  Here, there was a failure of proof from Appellants on the key issue of pretext.

The same is true on the 42 U.S.C. § 1983 equal protection claims, for which Appellants offered the same evidence as on their Title VII disparate treatment claims.  *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 n.1 (1993); *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008).  Finally, because California Government Code section 12940 tracks federal law under Title VII, *see Cook v. Lindsay Olive Growers*, 911 F.2d 233, 241 (9th Cir. 1990) (citing *Mixon v. Fair Emp't & Hous. Comm'n*, 192 Cal. App. 3d 1306, 1316 (1987)), the district court properly granted summary judgment to the City on Appellants' state law claim.

**AFFIRMED.**