**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CAMILLE ZAMORANO; JOE ALEX ZAMORANO,<br><br>    Plaintiffs - Appellants,<br><br> v.<br><br>CITY OF SAN JACINTO, JIM AYRES, JOHN MANSPERGER, JIMMIE DALE STUBBLEFIELD, JAMES POTTS,<br><br>    Defendants - Appellees,<br><br> and<br><br>DOES 1 to 100, inclusive,<br><br>    Defendants. | No. 12-57112<br><br>D.C. No. 5:12-cv-00965-GAF-DTB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted October 7, 2014[**]
Pasadena, California

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: HAWKINS and GRABER, Circuit Judges, and SEDWICK,[***] District Judge.

Plaintiffs Camille and Joe Alex Zamorano appeal from the district court's order dismissing their complaint, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. The district court dismissed Plaintiffs' federal claims, brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, as time-barred, and remanded their remaining claims to state court.[1] We affirm.

1. We review de novo "the district court's dismissal of the complaint for failure to state a claim and the legal issues it presents," including whether the statute of limitations has expired. Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1253–54 (9th Cir. 2013). A civil rights "claim accrues under federal law when the plaintiff knows or has reason to know of the actual injury." Lukovsky v. City of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008). The "actual injury" is the alleged harm underlying the complaint, not the "legal wrong" of discrimination that makes the injury actionable. Id. at 1048. Contrary to Plaintiffs' contention that Lukovsky applies only in the employment context, the

[***] The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

[1] Plaintiffs do not separately challenge the remand of their state claims, in the event that their other arguments do not succeed.

2

"actual injury" rule applies equally to all cases brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. See, e.g., Bonneau v. Centennial Sch. Dist. No. 28J, 666 F.3d 577, 581 (9th Cir. 2012) (applying Lukovsky's accrual rule to a § 1983 case involving a school district's failure to report suspected child abuse); see also Lukovsky, 535 F.3d at 1050 (discussing the statute of limitations rule under the Federal Tort Claims Act and noting that the rule for federal civil rights plaintiffs is precisely the same as the rule for other tort plaintiffs).

Plaintiffs knew or had reason to know of all the delays that had occurred with respect to their application for a building permit by May 2009, when the application was approved. Their claim under 42 U.S.C. § 1986 was governed by a one-year statute of limitations. Their claims under §§ 1981, 1983, and 1985 were governed by a two-year statute of limitations, borrowed from California law. Cal. Civ. Proc. Code § 335.1; see Lukovsky, 535 F.3d at 1048 (applying the forum state's statute of limitations when the federal statute does not otherwise provide a limitations period). Plaintiffs therefore had until May 2010, at the latest, to bring their § 1981 claim, and they had until May 2011, at the latest, to file all their other federal claims. But they did not file this action until February 2012. All their federal claims, therefore, are time-barred.

3

2.  Because the district court dismissed the action for failure to state a claim, Fed. R. Civ. P. 12(b)(6), we treat the facts alleged in Plaintiffs' first amended complaint as true, Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012).  The facts being undisputed for present purposes, we review de novo the legal question whether equitable remedies apply.  Jones v. Blanas, 393 F.3d 918, 926 (9th Cir. 2004).

Plaintiffs do not plead facts to show either "due diligence" or "excusable delay," so equitable tolling does not apply.  Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000), overruled on other grounds by Socop-Gonzalez v. INS, 272 F.3d 1176, 1194–96 (9th Cir. 2001) (en banc).  Similarly, Plaintiffs do not allege that Defendants prevented them from filing in time through "some active conduct by the defendant above and beyond the wrongdoing" underpinning their claim, so equitable estoppel does not apply.  Lukovsky, 535 F.3d at 1052 (internal quotation marks omitted).  Finally, the discovery rule does not toll Plaintiffs' claim because that rule "is already incorporated into federal accrual law," id. at 1048, and Plaintiffs' complaint shows that they had already discovered their injuries—repeated denials of the permit application—by May 2009.

AFFIRMED.