**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAIN SANSOME; et al., | No. 16-35724 |
| Plaintiffs-Appellants, | D.C. No. 6:15-cv-02267-AA |
| v. | |
| GLENN FAIRALL; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted May 17, 2018**
Portland, Oregon

Before: TASHIMA, McKEOWN, and PAEZ, Circuit Judges.

Dain Sansome and his minor children (collectively, "the Sansomes") appeal

the district court's denial of reconsideration and dismissal of their civil rights

claims against detective Glenn Fairall and the City of Albany. We review de novo

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the district court's statute of limitations rulings.[1] *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 779–80 (9th Cir. 2002). We affirm in part, reverse in part, and remand with instructions to appoint a representative for the minor children.

**1.** As a preliminary matter, we may review the district court's dismissal order even though the notice of appeal references only the district court's denial of reconsideration. The Sansomes' opening brief gave defendants sufficient notice that they also intended to appeal the dismissal order, and because defendants responded to the Sansomes' arguments challenging the dismissal of their claims, defendants are not prejudiced by our review of the dismissal order. *See Barnes v. Sea Haw. Rafting, LLC*, 889 F.3d 517, 535 n.14 (9th Cir. 2018).

**2. (a)** The two-year statute of limitations, Oregon Revised Statutes § 12.110, which applies to these claims brought under 42 U.S.C. § 1983, *see Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 580 (9th Cir. 2012), does not bar Dain Sansome's claim that Fairall violated his due process rights by investigating and prosecuting him while Fairall knew or should have known that he was innocent. The complaint, filed in December 2015, alleges a continuing violation in the form of a "continuing . . . criminal investigation and criminal

---

[1] Although we review the district court's denial of reconsideration for abuse of discretion, *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000), "[t]he abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions," *Koon v. United States*, 518 U.S. 81, 100 (1996).

2

prosecution." This claim is similar to a malicious prosecution claim, which "does not accrue until the plaintiff is acquitted." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1060 n.11 (9th Cir. 2002). Accordingly, this claim did not accrue until Sansome was acquitted of all criminal charges in December 2013, which is within the two-year limitations period.

**(b)** Assuming for purposes of appeal that Sansome's Sixth Amendment retaliatory prosecution claim is cognizable, it similarly alleges a continuing violation that did not stop until he was acquitted. Thus, Sansome's Sixth Amendment claim also accrued in December 2013 and is not time-barred.

**(c)** The statute of limitations bars Sansome's claim that Fairall violated his due process rights by falsifying interview transcripts and presenting them as accurate transcripts to his superiors in November 2011. These alleged unlawful actions constitute "discrete acts," not a continuing violation. *Pouncil v. Tilton*, 704 F.3d 568, 583 (9th Cir. 2012). At most, the complaint alleges that Fairall's subsequent investigation and prosecution of Sansome was a "continuing impact" of the prior discrete acts. *Knox v. Davis*, 260 F.3d 1009, 1013–14 (9th Cir. 2001). Accordingly, this claim accrued in November 2011 and the limitations period expired in November 2013, prior to the filing of the complaint.

**(d)** We do not consider whether Sansome's putative claim against the City pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), is barred by the

statute of limitations. Sansome did not argue before the district court that the complaint alleged a timely *Monell* claim, and the district court did not consider the issue. Therefore, the issue is waived on appeal. *United States v. Crowell*, 9 F.3d 1452, 1453 (9th Cir. 1993). In addition, the district court did not err in failing to address any potential *Monell* claim sua sponte when dismissing the case and denying reconsideration. *Cf. Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**3. (a)** The two-year statute of limitations bars Sansome's claim that Fairall violated his Fourteenth Amendment right to family association by restricting his contact with his children. This claim accrued when Sansome's contact with his children was restricted in November 2011. The ongoing restriction that followed is best characterized as the "continuing impact" of the initial restriction rather than a continuing violation. *Knox*, 260 F.3d at 1013–14.

**(b)** The statute of limitations does not bar the minor children's claims that Fairall violated their Fourteenth Amendment right to family association. For minors' section 1983 claims, we apply Oregon Revised Statutes § 12.160, which tolls the general two-year limitations period for five years or until the minors turn nineteen years old, whichever occurs first. *Bonneau*, 666 F.3d at 580. The Sansome children were aged one, three, and six when their contact with their father was restricted in November 2011. Thus, the limitations period for their claims was tolled until November 2018, and so their claims were timely filed in December

4

2015. Furthermore, the district court erred in dismissing the children's claims with prejudice without first appointing a representative or "next friend" to represent them. *See Johns v. Cty. of San Diego*, 114 F.3d 874, 878 (9th Cir. 1997); Fed. R. Civ. P. 17(c)(2).

Accordingly, we affirm in part and reverse in part the district court's orders dismissing the case and denying reconsideration. We remand for further proceedings consistent with this disposition, with instructions to appoint an appropriate representative for the minor children in advance of such proceedings.[2]

**AFFIRMED in part; REVERSED in part; REMANDED with instructions. The parties shall bear their own costs on appeal.**

---

[2] Because we do not decide whether the Sansomes have pled cognizable claims, or whether they have sufficiently alleged facts to support such claims, the district court may consider these questions in the first instance on remand.