NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIFFANY FRANCO, | No. 21-15624 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01129-DJH |
| v. | |
| MESA POLICE DEPARTMENT, a governmental entity; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| GRANTHAM, First name unknown; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted July 27, 2022
San Francisco, California

Before: GRABER and OWENS, Circuit Judges, and BAKER,** International
Trade Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable M. Miller Baker, Judge for the United States Court of
International Trade, sitting by designation.

Tiffany Franco appeals from the district court's order granting the Defendants-Appellees' motions to dismiss and the order denying leave to amend her complaint. Franco asserts claims under 42 U.S.C. §§ 1983, 1985 and 20 U.S.C. § 1681, along with state negligence and conspiracy claims. She alleges that as a minor and high school student, she endured years of sexual abuse by teacher Defendant-Appellee Alan Grantham, and school and police department employees knowingly failed to report the abuse. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a claim based on a statute of limitations. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We review for abuse of discretion the district court's decision whether to apply equitable tolling, *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003), and the district court's denial of leave to amend, *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340 (9th Cir. 2020). We affirm.

The two-year statute of limitations from Arizona's general personal injury statute, Ariz. Rev. Stat. section 12-542, applies to the claims Franco brought under 42 U.S.C. §§ 1983, 1985 and 20 U.S.C. § 1681. *See Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) ("It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims . . . ."); *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) (same rule for § 1985 claims); *Stanley v. Trs. of*

2

*Cal. State Univ.*, 433 F.3d 1129, 1135-36 (9th Cir. 2006) (same rule for 20 U.S.C. § 1681 claims). Although Ariz. Rev. Stat. section 12-514 provides survivors of child sexual abuse until age 30 to file state tort claims, its statute of limitations does not apply to Franco's federal claims. *See Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579 (9th Cir. 2012).[1] And section 12-514 is not a tolling statute that can toll her federal claims. *See id.* at 580. Because Franco's claims accrued when she turned eighteen and graduated from high school,[2] but she did not file suit for over four more years, her federal claims are time-barred.

The district court did not abuse its discretion in determining that Ariz. Rev. Stat. section 12-502 did not equitably toll Franco's federal claims because she did not plead facts showing her inability to manage her affairs or understand her legal rights. *See Nolde v. Frankie*, 964 P.2d 477, 482 (Ariz. 1998) (en banc); *Florez v. Sargeant*, 917 P.2d 250, 254-55 (Ariz. 1996) (en banc). And while her allegations

---

[1] At oral argument, Franco asserted that *Bonneau* should be reconsidered in light of how much more is now known about the difficulties child abuse survivors face in understanding their legal rights. But as a three-judge panel, we cannot overrule our precedent in these circumstances. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (three-judge panel may only depart from circuit precedent if precedent is "clearly irreconcilable" with intervening higher authority).

[2] The continuing tort doctrine does not apply because the wrongful conduct proscribed by the laws at issue here—abuse of a *minor* and failure to report—ended when Franco turned eighteen, even though the abusive relationship continued into adulthood. *See Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002) (noting the statute of limitations does not begin to run until any continuing wrongful conduct ends).

are serious and alarming, they do not parallel those in *Doe v. Roe*, where the plaintiff asserted facts that she did not understand her legal rights before the statute of limitations ran because she suppressed memories of the abuse for decades. 955 P.2d 951, 960-62 (Ariz. 1998) (en banc).

Finally, the district court did not abuse its discretion in determining that an amendment to the complaint would be futile because Franco failed to present new facts showing she met both parts of Arizona's unsound mind tolling provision. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend" including "where the movant presents no new facts.").

**AFFIRMED.**