**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUL 3 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT ROOSEVELT PARKER, Jr., | No. 23-35425 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-01959-IM |
| v. | |
| JOHN L. BARLOW, In his individual and representative capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted June 4, 2024[**]
Portland, Oregon

Before:  RAWLINSON, FORREST, and SUNG, Circuit Judges.

Robert Parker, Jr. (Parker) appeals the district court's dismissal of his action

against John L. Barlow (Barlow), Paula A. Barran (Barran), John D. Burns

(Burns), Miller Nash Graham & Dunn LLP (Miller Nash), Exxon Mobil

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Corporation (Exxon), Texaco, Inc. (Texaco), Union Oil Company of California (Union Oil), Chevron Industries (Chevron), Shell Oil Company (Shell), and Atlantic Richfield Company (Atlantic Richfield) (collectively, Appellees). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo a district court's order granting a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) . . ." *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886 (9th Cir. 2018) (citation and internal quotation marks omitted). "We will affirm a dismissal for failure to state a claim where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable theory." *Id.* (citation and internal quotation marks omitted). "We must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. . . ." *Id.* at 886-87 (citation and internal quotation marks omitted).

The district court dismissed Parker's complaint—which alleged (1) defamation; (2) violation of 42 U.S.C. § 1981; (3) violation of 42 U.S.C. § 1983; (4) federal RICO violations; (5) federal RICO conspiracy; and (6) tortious interference—because the applicable statutes of limitation barred Parker's federal claims. We agree.

Civil RICO actions are governed by a four-year statute of limitations, *see Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S.143, 156 (1987),

2

and "federal civil rights claims under sections 1981 [and] 1983" are "governed by the forum state's statute of limitations for personal injury actions." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951 (9th Cir. 2022) (citations omitted). In Oregon, the limitations period for personal injury actions is two years. *See* Or. Rev. Stat. § 12.110(1); *see also Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579 (9th Cir. 2012) ("Oregon has a two-year statute of limitations for general personal injury claims . . .") (citation omitted).

 **1.** Parker's federal claims are subject to the "injury discovery" rule. *See Bonelli*, 28 F.4th at 952 ("The general rule is that a civil rights claim accrues under federal law when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (citations and internal quotation marks omitted); *see also Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (applying the "injury discovery" rule to civil RICO claims). In 1988, Parker asserted claims under § 1981, § 1983, and the Oregon RICO statute against Burns, Miller Nash, Shell, Exxon, Chevron, Union Oil, Atlantic Richfield, and Texaco. Between 1988 and 1999, Parker filed five more complaints alleging the same claims. Thus, the record reflects that Parker's claims accrued as early as 1988, and each applicable statute of limitations had expired when he filed his most recent complaint in 2022. *See*

3

*Bonelli*, 28 F.4th at 952.[1]

2.      Parker contends that the Oregon Legislature's formal apology, by way of Senate Concurrent Resolution 22 (SCR 22), exonerated him, gave him reason to know of his claims against Appellees, and tolled the applicable statutes of limitation.  Parker relies upon *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) (holding that a claim for damages that would invalidate a prior criminal conviction or sentence is not cognizable under § 1983 unless the conviction has been vacated); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (applying *Heck* to hold that a plaintiff's "false arrest and imprisonment claims were not cognizable and did not accrue until his conviction was invalidated"), and the exoneration standard set forth in *Stevens v. Bispham*, 851 P.2d 556, 566 (Or. 1993) (en banc) ("Plaintiff had not suffered such harm at defendant's hands . . . unless and until he was exonerated of the criminal offense.").  However, those cases do not support the conclusion that SCR 22 tolled the statutes of limitation in this case. Parker's injury was not "attributable to an unconstitutional conviction or sentence." *Heck*, 512 U.S. at 489-90.  Nor were Parker's claims "connected to the [criminal] trial and appeals processes."  *Drollinger v. Mallon*, 260 P.3d 482, 490 n.8 (Or. 2011) (en banc) (clarifying that the "principles that drove [the Oregon Supreme

---

[1] The district court declined to exercise jurisdiction over the state law claims of defamation and tortious interference.  Therefore, those claims are not before us.

Court's] decision in *Stevens* are . . . more strongly connected to the [criminal] trial and appeals processes"). Therefore, SCR 22 did not toll the applicable statute of limitations.

3. Contrary to Parker's argument, the applicable statutes of limitation were not tolled by fraudulent concealment. Parker has not demonstrated that Appellees "used fraudulent means to keep [him] unaware of his cause of action," and that he was "ignorant of the existence of his cause of action." *Oracle Am. Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1048 (9th Cir. 2020) (citation and internal quotation marks omitted).

4. Finally, Parker posits that the Attorney General's participation in this action violated Or. Rev. Stat. § 180.060. Because the action is otherwise barred, we do not address this issue on appeal.

**AFFIRMED.**