NAKAMOTO, J.
**234 Sixteen years after he had been sexually abused by an Oregon Youth Authority (OYA) employee, plaintiff initiated this action. At issue on review is plaintiff's 42 USC section 1983 claim against defendant Lawhead, former superintendent of the OYA facility where the abuse had occurred. Plaintiff alleged that defendant had violated his federal constitutional rights through deliberate indifference to the risk that the OYA employee would sexually abuse youths housed at the facility. The trial court granted defendant's motion for summary judgment on plaintiff's section 1983 claim on the basis that the claim accrued at the time of the abuse in 1998 and, *403 consequently, was untimely commenced. The Court of Appeals reversed, relying on T. R. v. Boy Scouts of America , 344 Or. 282, 181 P.3d 758, cert. den. , 555 U.S. 825, 129 S.Ct. 146, 172 L.Ed.2d 40 (2008). J. M. v. Oregon Youth Authority , 288 Or. App. 642, 406 P.3d 1127 (2017).
We allowed defendant's petition for review to address when plaintiff's cause of action under section 1983 accrued.[1] That issue is determined by federal law, which in turn is derived from common-law tort principles. Wallace v. Kato , 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Applying federal law, we hold that an action under section 1983 accrues when a plaintiff knows or reasonably should know of the injury and the defendant's role in causing the injury. Therefore, the trial court erred by dismissing plaintiff's claim in reliance on the principle that a section 1983 claim accrues when the plaintiff knows or has reason to know of the injury alone, which, in this case, it determined was necessarily when the abuse occurred. Accordingly, we affirm the decision of the Court of Appeals, reverse the judgment of the trial court, and remand the case to the trial court to reconsider its summary judgment decision under the correct accrual standard.[2]
**235 I. FACTUAL AND PROCEDURAL HISTORY
On review of a trial court's grant of summary judgment, we view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. ORCP 47 C; Jones v. General Motors Corp. , 325 Or. 404, 408, 939 P.2d 608 (1997). We therefore recite the following facts-which defendant also accepts as true for purposes of summary judgment-in the light most favorable to plaintiff.
In 1998, plaintiff was 15 years old and housed at an OYA facility where defendant was the superintendent. An OYA employee at the facility named Milligan, who served as a "group life coordinator" or "corrections officer" to plaintiff and other male youths at the facility, sexually abused plaintiff multiple times. The abuse occurred in the laundry room of the tent cottage to which plaintiff was assigned, an area unmonitored by security cameras. Milligan told plaintiff that no one would believe him if he reported the abuse. Milligan threatened to cut plaintiff's visitation time with family if he tried to report. Milligan also threatened to break plaintiff's neck if he screamed. Plaintiff did not report the abuse to anyone at OYA, and he was released back to his family in 1999.
Initially, plaintiff repressed thoughts and memories of the abuse. But in June 2012, media coverage of the sexual abuse scandal at Penn State University caused plaintiff to recall his own abuse by Milligan. Plaintiff disclosed the abuse to his wife and others for the first time and began searching the internet for information about Milligan. Plaintiff learned that, while still employed by OYA, Milligan had been arrested in 1999 for sexually abusing a boy and then soon after was arrested and charged with kidnapping, sexually abusing, and attempting to murder another boy.[3] Both later in 2012 and thereafter, plaintiff learned **236 information indicating to him that defendant had played a role in enabling Milligan's abuse of him at the OYA facility. In May 2014, plaintiff brought a section 1983 claim against defendant for failing to address the known threat of sexual abuse posed by Milligan, alleging violations of his liberty interests in bodily integrity and to be free from sexual abuse under the Fourteenth Amendment of the United States Constitution and of his right to be free from cruel and *404 unusual punishment under the Eighth Amendment of the United States Constitution.
Defendant moved for summary judgment, arguing, inter alia , that plaintiff's claim was time-barred by Oregon's two-year statute of limitations generally applicable to tort claims, ORS 12.110(1).[4] Defendant asserted that the federal accrual rule as articulated by the Ninth Circuit Court of Appeals controls when the statute of limitations begins to run on a section 1983 claim. Under the Ninth Circuit rule, defendant argued, the claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. Plaintiff countered that the issue is controlled by the "discovery accrual rule" that this court had articulated in T. R. , which provides that the statute of limitations does not run as to a defendant until the plaintiff discovers both the injury and the defendant's causal role in the injury.[5] The trial court concluded that it was bound by federal precedent and that plaintiff's claim was untimely under the accrual rule as articulated by the Ninth Circuit; therefore, it granted defendant's motion for summary judgment.
Plaintiff appealed, assigning error to the trial court's rejection of this court's precedent in favor of Ninth Circuit case law. Defendant did not dispute that Oregon trial courts are bound by this court's precedents; instead, defendant argued that the trial court did not err in light of the decision in Wallace . According to defendant, Wallace mandates an occurrence-based accrual rule that is "facially inconsistent"
**237 with the discovery accrual rule that this court discussed in T. R. and necessarily controls as a United States Supreme Court decision. Consequently, defendant urged, the trial court correctly concluded that plaintiff's claim accrued when he suffered the abuse in 1998, well outside the applicable limitations period. While acknowledging that Wallace controls, the Court of Appeals determined that " Wallace does not preclude a discovery rule in all section 1983 cases," and it reversed the trial court's grant of summary judgment. J. M. , 288 Or. App. at 647, 406 P.3d 1127.
II. ANALYSIS
On review, defendant contends that the Court of Appeals' reading of T. R. is inconsistent with Wallace . Defendant advances two alternate articulations of the post- Wallace accrual rule. First, defendant argues that Wallace announced a standard accrual rule focused on the occurrence of the injury: The limitations period for a section 1983 claim begins when the injury occurs, and the rule excepts only certain special types of torts, and plaintiff's claim does not fall within one of those exceptions. Alternatively, defendant argues that, even if the standard accrual rule incorporates a discovery requirement, that requirement extends to discovery of only the injury, not discovery of a particular defendant's causal role as well, as T. R. holds. Defendant asks us to overrule T. R. -or to clarify and limit its holding-in light of Wallace and to affirm the trial court's dismissal of plaintiff's section 1983 claim. As discussed below, we reject both of defendant's proposed accrual rules and reaffirm T. R. 's holding that a section 1983 claim accrues when a plaintiff knows or reasonably should know of the injury and the defendant's role in causing the injury.
A. United States Supreme Court Case Law
Because federal law governs accrual for section 1983 claims, we begin our analysis by reviewing the two United States Supreme Court cases on the issue: Wallace and Manuel v. City of Joliet , --- U.S. ----, 137 S.Ct. 911, 197 L.Ed.2d 312 (2017). Those cases advise that the accrual rule conforms in general to common-law tort principles, but they do not clarify whether that rule contains a discovery **238 component. We understand the Court's cases to require a functional, and flexible, approach to the accrual rule that accounts for the nature of the alleged constitutional violation. *405 Wallace , in which the plaintiff sued the city and multiple police officers under section 1983 for false arrest in violation of the Fourth Amendment, is the principal Supreme Court decision on the issue of when a section 1983 cause of action accrues. The Court clarified that the "accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace , 549 U.S. at 388, 127 S.Ct. 1091 (emphasis in original). In turn, the Court stated, federal law is based on common-law tort principles: "Aspects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles." Id. The Court explained, "Under those principles, it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief[.]" Id. (internal citations, quotation marks, and alterations omitted). That "standard rule" of accrual suggested a functional approach. By expressing a standard rule based on when a plaintiff can file suit and obtain relief, the Court implied that accrual depends on when the plaintiff has sufficient information for it to be feasible to file a complaint and seek remedies from those responsible.
Additionally, the Court stated that a "refinement" to that standard rule may be proper if the claim at issue is analogous to a tort that receives "distinctive treatment" under the common law. Id. at 388, 127 S.Ct. 1091. For example, for accrual purposes, the Court analogized the Wallace plaintiff's false arrest claim to the common-law tort of false imprisonment. The Court held that the limitations period for a section 1983 claim premised on "a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 397, 127 S.Ct. 1091. No party argues that a distinctive accrual rule applies to the tort in this case.
More recently, the Supreme Court revisited the issue of accrual for a section 1983 action in Manuel . There, the **239 Court first considered whether a plaintiff may challenge pretrial detention in a section 1983 action on Fourth Amendment grounds. After answering that question in the affirmative, the Court turned to the remaining question of when the cause of action accrued. The Court offered the following "brief comments" before remanding that issue to the Seventh Circuit:
"In defining the contours and prerequisites of a § 1983 claim, including its rule of accrual, courts are to look first to the common law of torts. Sometimes, that review of common law will lead a court to adopt wholesale the rules that would apply in a suit involving the most analogous tort. But not always. Common-law principles are meant to guide rather than to control the definition of § 1983 claims, serving more as a source of inspired examples than of prefabricated components. In applying, selecting among, or adjusting common-law approaches, courts must closely attend to the values and purposes of the constitutional right at issue."
Id. at 920-21 (internal citations and quotation marks omitted). Thus, the Court re-emphasized that the rule of accrual is primarily based on the common law of torts, and it placed new emphasis on "the values and purposes of the constitutional right at issue." The comments also indicated that the Court's approach to accrual of section 1983 claims is flexible, with common-law principles serving to "guide" rather than "control" the analysis.[6]
Defendant posits that three additional Supreme Court cases weigh on our analysis and compel his first proposed reading of Wallace -that accrual occurs at the time of the injury unless an exception for a special tort applies. As explained below, however, we are unpersuaded that those cases carry the weight that defendant assigns them.
First, relying on Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. , 522 U.S. 192, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997), defendant argues that *406 Wallace **240 contemplated a standard accrual rule that excludes a discovery rule. Defendant argues that Wallace derived its "standard rule" from Bay Area Laundry , a case concerning the timeliness of a claim under the Multiemployer Pension Plan Amendments Act of 1980. In that case, the Court had distinguished between two paragraphs of the applicable statute of limitations. One provided a six-year limitations period that commenced on "the date on which the cause of action arose"; the other contained an express "discovery" rule providing a three-year limitations period that commenced "after the earliest date on which the plaintiff acquired or should have acquired actual knowledge of the existence of such cause of action[.]" 29 USC section 1451(f)(1), (2). But the Court's observation that the statutory discovery rule differed from the "standard" accrual rule does not lead to defendant's conclusion that accrual of a claim occurs regardless of whether a plaintiff has, or should have, the information needed to bring an action. Rather, the Court went on to explain that the six-year limitations period incorporated "the standard rule that the limitations period commences when the plaintiff has a complete and present cause of action," meaning that the cause of action "does not become 'complete and present' for limitations purposes until the plaintiff can file suit and obtain relief." Bay Area Laundry , 522 U.S. at 201, 118 S.Ct. 542 (internal citations and quotation marks omitted). In support, the Court quoted Reiter v. Cooper , 507 U.S. 258, 267, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993) :
"While it is theoretically possible for a statute to create a cause of action that accrues at one time for the purpose of calculating when the statute of limitations begins to run, but at another time for the purpose of bringing suit, we will not infer such an odd result in the absence of any such indication in the statute."
Bay Area Laundry , 522 U.S. at 201, 118 S.Ct. 542.
Second, defendant relies on Gabelli v. SEC , 568 U.S. 442, 133 S.Ct. 1216, 185 L.Ed.2d 297 (2013), for the proposition that the "standard" accrual rule is not a discovery rule. In Gabelli , the Court declined to apply the discovery rule in the context before it, "where the plaintiff is not a defrauded victim seeking recompense, but is instead the Government **241 bringing an enforcement action for civil penalties." Id. at 449, 133 S.Ct. 1216. The Court's decision not to apply a discovery rule "to Government enforcement actions for civil penalties[,]" id. at 450, 133 S.Ct. 1216, does not preclude the applicability of a discovery rule to private civil actions. In any event, the significance of Gabelli , a securities fraud case, to the issue of accrual in section 1983 cases is questionable. As the Court of Appeals observed, " Gabelli never mentions section 1983, and cites Wallace just once-in a string citation-for the purpose of identifying general principles that are not necessarily inconsistent with the application of the discovery accrual rule in section 1983 cases." J. M. , 288 Or. App. at 647 n. 4, 406 P.3d 1127.
Lastly, defendant relies on the concurring opinion in TRW Inc. v. Andrews , in which Justice Scalia argued that the "general federal rule" of accrual is not "that a federal statute of limitations begins to run when a party knows or has reason to know that she was injured." 534 U.S. 19, 35, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (Scalia, J., concurring). Plaintiff persuasively counters that the fact that this was the sole point of contention raised by the concurrence in an otherwise unanimous decision suggests that the other justices did not agree with Justice Scalia. At most, TRW Inc. demonstrates only that the Supreme Court has not taken a position on whether it will recognize a general discovery accrual rule under federal law. The Court's acknowledgement that lower federal courts "generally apply a discovery accrual rule when a statute is silent on the issue," id. at 27, 122 S.Ct. 441 (internal citations and quotation marks omitted), and its subsequent declination to reject that approach, may even suggest the Court's tacit sanction of a discovery accrual rule.
On the issue before us, we are bound by Supreme Court case law. See State ex rel Huddleston v. Sawyer , 324 Or. 597, 620, 932 P.2d 1145, cert. den. , 522 U.S. 994, 118 S.Ct. 557, 139 L.Ed.2d 399 (1997) (On "a question of federal law, we are bound by the pertinent decisions of the United States Supreme *407 Court."). To summarize the pertinent cases, Wallace and Manuel stress that the issue of accrual of section 1983 claims is primarily guided by common-law tort principles, with consideration given to the functionality and flexibility of the approach and the **242 constitutional rights at issue. That guidance does not support defendant's first proposed reading of Wallace as strictly precluding a discovery rule and compelling a rule that accrual occurs at the time of the injury unless a special exception applies. Defendant's reliance on Bay Area Laundry , Gabelli , and TRW Inc. for arguments to the contrary is misplaced.
B. T. R. v. Boy Scouts of America
Turning to our own precedent, this court considered in T. R. the question of when accrual began for the plaintiff's section 1983 action against a city for a city police officer's sexual abuse of the plaintiff. Contrary to defendant's argument, T. R. 's holding that a section 1983 claim accrues when a reasonably prudent plaintiff perceives both the injury and the defendant's causal role is consistent with the Supreme Court's guidance in Wallace and Manuel .
This court explained in T. R. that "the accrual rule that applies to determine when plaintiff's section 1983 claim accrued is a 'discovery' accrual rule." 344 Or. at 291, 181 P.3d 758. That rule-which the court explained is similar under Oregon law and generally applicable common law-provides that "the statute of limitations does not begin to run until a reasonably prudent plaintiff perceives both the injury and the role that the defendant has played in that injury." Id. at 291-92, 181 P.3d 758 (citation omitted). The T. R. court distinguished between the role of the perpetrator, who had been the immediate cause of the plaintiff's abuse, and the role of the city, which had failed to implement policies and procedures to prevent the abuse. Id. at 296, 181 P.3d 758. Furthermore, it determined that a reasonable jury could have concluded that the plaintiff reasonably did not suspect the city's role at the time of the abuse and, therefore, that the plaintiff's claim against the city did not accrue until later. Id. at 297, 181 P.3d 758.
Although T. R. did not refer to Wallace , T. R. 's holding is consistent both with common-law tort principles and with Wallace and Manuel . Under the common law, accrual of a claim is functional: "The overriding discovery rule principle is that the statute begins to run when a person of reasonable diligence discovers or should have discovered facts that would show she has a reasonable claim, or facts that would lead a reasonable person to investigate further." Dan Dobbs, **243 1 The Law of Torts, Practitioner Treatise Series § 243, 878 (2d ed. 2011) (footnote omitted).[7] Dobbs details what essential facts trigger the statutory clock in negligence claims:
"[T]he usual idea seems to be that the statute will not begin to run until
"(a) all the elements of the tort are present; and
"(b) the plaintiff discovers, or as a reasonable person should have discovered,
"(i) that she is injured; and
"(ii) that the defendant, or the defendant's product or instrumentality, had a causal role in the injury, or that there was enough chance that defendant was connected with the injury to require further investigation that in turn would have revealed the defendant's connection[.]"
Id. (emphasis in original; footnote omitted).[8] The discovery rule of accrual in T. R. follows the accrual principles described by Dobbs: The claim does not accrue until the plaintiff discovers or should have discovered the injury and the defendant's causal role.
Wallace and Manuel do not require a different accrual rule. Together, Wallace and Manuel demonstrate the Supreme Court's intent to provide basic guidance-rather than a rigid rule-for how to determine *408 when a section 1983 claim accrues. Wallace provides that the accrual rule focuses on functionality: Accrual occurs "when the plaintiff can file suit and obtain relief." 549 U.S. at 388, 127 S.Ct. 1091 (internal citation and quotation marks omitted). A plaintiff can hardly file suit unless the plaintiff has sufficient information to do so. Manuel adds that the rule is construed with flexibility: "Common-law principles are meant to guide rather than to control the definition of § 1983 claims, serving more as a source of inspired examples than of prefabricated **244 components." 137 S.Ct. at 920-21 (internal citations and quotation marks omitted). In determining the applicable common-law approach to accrual of a claim, we also consider that plaintiff seeks to vindicate constitutional rights, in this case, a duty of government officials under the Eighth and Fourteenth Amendments to "provide humane conditions of confinement," Farmer v. Brennan , 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), and to provide for the safety of confined individuals, see, e.g. , Youngberg v. Romeo , 457 U.S. 307, 317, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982) ("When a person is institutionalized-and wholly dependent on the State-* * * a duty to provide certain services and care does exist."). See Manuel , 137 S.Ct. at 921 ("In applying, selecting among, or adjusting common-law approaches, courts must closely attend to the values and purposes of the constitutional right at issue."). In adopting a discovery rule, T. R. mirrors general common-law tort principles and reflects the functionality and flexibility that the Supreme Court envisioned.
We therefore reject defendant's argument that Wallace precludes any discovery rule and turn to his alternative reading of Wallace . Defendant proposes that the only permitted discovery rule is one that would provide for accrual of a section 1983 claim when the plaintiff discovers his or her injury. As indicated, the Supreme Court has not articulated the scope of a federal discovery rule. Although lower federal courts have no binding authority over this court, we augment our analysis by considering their varied articulations of the post- Wallace accrual rule.
C. Federal Appellate Case Law
Against the backdrop provided by Wallace -and, to a lesser extent, Manuel -almost all of the federal circuit courts have grappled with the issue of accrual in section 1983 actions. As the parties recognize, there is a range of viewpoints among those courts. We note at the outset that all the federal circuit courts to have addressed the accrual of section 1983 claims post- Wallace have used some form of the discovery rule. Defendant primarily draws support for his articulation of such a rule from the Ninth and Third Circuits. While there exists some federal appellate case law **245 in defendant's favor, the post- Wallace landscape lacks any uniformity to persuade us that the appropriate accrual rule incorporates discovery only of the injury. And notably, at least three federal circuit courts (the Fifth, Seventh, and Eleventh) follow a discovery accrual rule that is comparable to T. R. 's. Another two circuit courts (the First and Sixth) appear to require discovery of more than the injury alone.
We first consider the cases on which defendant primarily relies. Defendant argues that a Ninth Circuit Federal Tort Claims Act (FTCA) case from 1984 supports his position that the discovery rule requires discovery of only the plaintiff's injury: Dyniewicz v. United States , 742 F.2d 484 (9th Cir. 1984) (negligence claim against government for death of plaintiffs' parents due to highway flood). In Dyniewicz , the court stated that "[d]iscovery of the cause of one's injury *** does not mean knowing who is responsible for it. The 'cause' is known when the immediate physical cause of the injury is discovered." Id. at 486 (citations omitted). The court concluded that plaintiffs "knew both the fact of injury and its immediate physical cause, the flooded highway, when the bodies of [their parents] were found. The cause of action accrued at that time. Their ignorance of the involvement of United States employees is irrelevant." Id . at 487 (citation omitted).
More recent Ninth Circuit case law suggests that more may be required. In Bonneau v. Centennial Sch. Dist. No. 28J , 666 F.3d 577, 581 (9th Cir. 2012), after stating that the "general common law principle is that a cause of action accrues when 'the *409 plaintiff knows or has reason to know of the injury,' " (citing TwoRivers v. Lewis , 174 F.3d 987, 991 (9th Cir. 1999) ), the court described the discovery rule as requiring discovery of both the fact and cause of the injury:
"We have interpreted the 'question *** [of] what *** we mean by injury' with some flexibility, and held that a 'claim accrues' not just when the plaintiff experiences the injury, but 'when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of the injury.' "
Bonneau , 666 F.3d at 581 (citing Lukovsky v. City & Cty. of San Francisco , 535 F.3d 1044, 1050 (9th Cir. 2008), cert. den. sub **246 nom. Zolotarev v. City & Cty. of San Francisco , 556 U.S. 1183, 129 S.Ct. 1997, 173 L.Ed.2d 1086 (2009) ) (alterations in original). See also Gregg v. Haw. Dep't of Pub. Safety , 870 F.3d 883, 887 (9th Cir. 2017) ("The general common law principle is that a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury.").
Defendant also relies on a pre- Wallace Third Circuit FTCA case: Zeleznik v. United States , 770 F.2d 20 (3d Cir. 1985) (negligence claim against government for murder of plaintiffs' son by man who had tried unsuccessfully to surrender to Immigration and Naturalization Services). In Zeleznik , the court stated that "a claim accrues when the injured party learns of the injury and its immediate cause." Id. at 23. Therefore, plaintiffs' tort claim accrued when they learned the murderer's identity; it was not postponed until the government's role in causing the murder was discovered. Id. at 24.
The Third Circuit's apparent support for defendant's limited discovery rule, however, is curtailed by that court's more recent practice of applying the forum state's discovery rule to toll the statute of limitations in post- Wallace section 1983 cases. For example, in Dique v. N.J. State Police , 603 F.3d 181 (3d Cir. 2010), the court considered whether the plaintiff's section 1983 claim alleging racial profiling in violation of his Fourteenth Amendment Due Process rights was time-barred. The court borrowed and applied New Jersey's discovery rule, which it characterized as a tolling mechanism grounded in equitable principles. Id. at 185. That particular discovery rule "postpones a claim from accruing if a plaintiff is reasonably unaware that he has suffered an injury or, even though he is aware of the injury, that it was the fault of an identifiable person." Id. (citation omitted). See also Ryals v. Montgomery Cty. , 515 F App'x 75, 77 (3d Cir. 2013) (discussing applicability of Pennsylvania's discovery rule, "which applies when an injury or its cause was not known or reasonably knowable" despite exercise of due diligence, to toll the statute of limitations); Woodson v. Payton , 503 F App'x 110, 112 (3d Cir. 2012) (stating that, "[i]n Delaware, a statute of limitations may be tolled if the injury is inherently unknowable and the claimant is blamelessly **247 ignorant of the wrongful act and the injury complained of") (internal citation and quotation marks omitted). The Third Circuit's approach results in the application of different discovery rules depending on the practice of the forum state.
The Fourth Circuit's approach is perhaps most aligned with defendant's limited discovery rule. According to that court, "[f]or most common-law torts, a plaintiff's cause of action accrues, and the limitations period commences, when the plaintiff knows or has reason to know of his injury (hence, the 'standard rule')." Owens v. Baltimore City State's Attorneys Office , 767 F.3d 379, 389 (4th Cir. 2014), cert. den. , --- U.S. ----, 135 S.Ct. 1893, 191 L.Ed.2d 762 (2015). But see Smith v. McCarthy , 349 F App'x 851, 857 (4th Cir. 2009) (stating that a section 1983 cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action") (internal citation and quotation marks omitted).
But, as indicated, other courts, particularly the Fifth, Seventh, and Eleventh Circuits, apply a discovery accrual rule like the one that we articulated in T. R. The Fifth Circuit applies an accrual rule almost identical to the one stated in T. R. Before Wallace was decided, in Piotrowski v. City of Houston , the court considered the timeliness of the plaintiff's section 1983 claim against the city for *410 colluding in her former boyfriend's attack on her, which had rendered her paraplegic. 237 F.3d 567 (5th Cir. 2001). The court stated an accrual rule based on the plaintiff's awareness of both the injury and the defendant's role in it:
"Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions."
Id. at 576 (5th Cir. 2001) (internal citations, quotations marks, and alterations omitted). The court concluded that sufficient evidence existed that the plaintiff was not put on notice, and the action did not accrue, until a deponent had revealed facts that permitted the plaintiff to "make a case **248 for the City's possible affirmative involvement" in causing her injury. Id. at 577. The Fifth Circuit continues to cite that formulation of the accrual rule favorably and in conjunction with Wallace . See, e.g. , Morrill v. City of Denton , 693 F App'x 304, 306 (5th Cir. 2017) (explaining that there is "a complete and present cause of action" (as stated in Wallace ) for accrual purposes when the plaintiff "is aware, or should be aware, of the existence of the injury and the connection between the injury and the defendants' actions" (the rule in Piotrowski ) ); King-White v. Humble Indep. Sch. Dist. , 803 F.3d 754, 762 (5th Cir. 2015) (holding that the plaintiffs had sufficient awareness of school officials' conduct to investigate their role in abuse perpetrated by a third party).
The Seventh Circuit, too, requires discovery of more than the fact of the plaintiff's injury before a section 1983 claim accrues. In post- Wallace section 1983 cases, that court has consistently held that discovery of both the injury and its causation are required to trigger accrual. See, e.g. , Amin Ijbara Equity Corp. v. Vill. of Oak Lawn , 860 F.3d 489, 493 (7th Cir. 2017) ("[a]ccrual occurs when a plaintiff knows the fact and the cause of an injury") (internal citation and quotation marks omitted); Moore v. Burge , 771 F.3d 444, 447 (7th Cir. 2014) ("the normal federal rule [is] that a claim accrues as soon as a person knows both the fact and the cause of an injury").
The Eleventh Circuit is in accord. Although the court has articulated an accrual rule couched in terms of discovery of "the injury," see, e.g. , McNair v. Allen , 515 F.3d 1168, 1174 (11th Cir. 2008) ("It is well established that a federal claim accrues when the prospective plaintiff knows or has reason to know of the injury which is the basis for the action." (Internal citation and quotation marks omitted.) ), the court has explained that its rule encompasses discovery of both the fact of the injury and the tortfeasor's identity. Foudy v. Indian River Cty. Sheriff's Office , 845 F.3d 1117, 1123 (11th Cir. 2017). In Foudy , the court referred back with approval to pre- Wallace cases that described the discovery accrual rule. Id. (citing Chappell v. Rich , 340 F.3d 1279 (11th Cir. 2003) ; Rozar v. Mullis , 85 F.3d 556 (11th Cir. 1996) ; and Mullinax v. McElhenney , 817 F.2d 711 (11th Cir. 1987) ). In **249 Chappell , Rozar , and Mullinax , the Eleventh Circuit had held that the discovery rule requires discovery of both the injury and the identity of the person who inflicted the injury. Chappell , 340 F.3d at 1283 ("A cause of action *** will not accrue *** until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury"); Rozar , 85 F.3d at 562 ("Plaintiffs must know or have reason to know that they were injured, and must be aware of who inflicted the injury."); Mullinax , 817 F.2d at 716 (stating same).
Additionally, the First and Sixth Circuits appear to embrace discovery rules that go beyond the plaintiff's discovery of only the fact of injury, although it is not as apparent whether their discovery rules cover discovery of the defendant's role in causing the injury, as do the rules in T. R. and in the Fifth, Seventh, and Eleventh Circuits. Although the First Circuit has articulated a more limited discovery rule for section 1983 claims, focusing on discovery of the injury, it has not precluded the applicability of the general discovery rule if the plaintiff is unaware of facts needed to bring the claim. The court has *411 acknowledged that "[a] section 1983 claim normally accrues at the time of the injury, when the putative plaintiff has a complete and present cause of action and can sue." Jardín De Las Catalinas Ltd. P'ship v. Joyner , 766 F.3d 127, 133 (1st Cir. 2014) (internal citations and quotation marks omitted). "But to the extent that the facts necessary to bring a claim are unknown," the First Circuit recognizes that "the discovery rule may delay accrual until such facts are or should be apparent to a reasonably prudent person similarly situated." Id. at 133-34 (internal citations and quotation marks omitted). The purpose of that discovery rule is "to aid plaintiffs who, for reasons beyond their control, could not have promptly discovered the facts that form the foundation of their claims." Id. at 134.
Similarly, the Sixth Circuit applies a discovery accrual rule that is potentially more expansive than discovery of only the fact of an injury. In Cooey v. Strickland , 479 F.3d 412, 416 (6th Cir. 2007), the court stated that "the statute of limitations begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her **250 injury has occurred[,]" that is, "in determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." (Emphasis added; internal citations, quotations, and alterations omitted.)
The remaining approaches used by three other federal appellate courts demonstrate the lack of any uniform understanding of the scope of the accrual rule to which Wallace points. For example, the D.C. Circuit Court of Appeals recognizes that a section 1983 claim accrues when "the plaintiff has 'a complete and present cause of action,' that is, 'when the plaintiff can file suit and obtain relief.' " Earle v. District of Columbia , 707 F.3d 299, 305 (DC Cir. 2012) (quoting Wallace ). In terms not used by any other circuit court, the D.C. Circuit interpreted Wallace 's guidance to mean that a section 1983 claim "normally accrues when the factual and legal prerequisites for filing suit are in place." Earle , 707 F.3d at 306 (internal citations, quotation marks, and alterations omitted). In stating the foregoing, the court also recognized that "various exceptions to, and glosses on, the rule" exist, including the discovery rule. Id. (citing Connors v. Hallmark & Son Coal Co. , 935 F.2d 336, 290 U.S. App. DC 170 (DC Cir. 1991) ). In Connors , the court had surveyed federal appellate case law and noted with approval that "[a]t least eight federal courts of appeals have *** agreed *** that the discovery rule is the general accrual rule in federal courts." 935 F.2d at 342. Thus, the DC Circuit appears to apply a discovery accrual rule to section 1983 claims, albeit one that is less specific than T. R. 's.
Then there is the Second Circuit, which generally states that "an action accrues when the wrongful act or omission results in damages, and once the plaintiff knows or has reason to know of the injury which is the basis of his action[.]" McDonough v. Smith , 898 F.3d 259 (2d Cir. 2018), cert. granted , --- U.S. ----, ----, --- S.Ct. ----, --- L.Ed.2d ----, 2019 WL 166879, at *1 (2019) (internal citations and quotation marks omitted). But that court is unique in focusing its accrual inquiry on whether all the elements of a claim were present and known or discoverable. In McDonough , the court determined that a section 1983 claim based on **251 fabrication-of-evidence allegations accrued when (1) the plaintiff learned of the fabrication and it was used against him and (2) his liberty had consequently been deprived. Id. at 267. See also Smith v. Campbell , 782 F.3d 93 (2d Cir. 2015) (concluding that the section 1983 cause of action accrued when all the elements of the First Amendment retaliation claim were satisfied). The Second Circuit's focus on the presence of the tortious elements aligns with common-law tort principles, see Dobbs, 1 The Law of Torts, Practitioner Treatise Series § 243 at 878, and appears to represent an understanding of Wallace as providing only basic guidance on the issue of accrual, rather than a rigid mandate.
Lastly, the Tenth Circuit has stated that, "[i]n general, [accrual] occurs when the plaintiff knows or has reason to know of the injury which is the basis of the action."
*412 Jamerson v. Heimgartner , No. 18-3101, --- Fed.Appx. ----, ----, 2018 WL 4523109, at *9 (10th Cir. Sept. 21, 2018). However, that court has based its accrual analysis on the type of claims at issue. For example, in Varnell v. Dora Consol. Sch. Dist. , 756 F.3d 1208 (10th Cir. 2014), the court considered when a section 1983 claim asserting sexual abuse accrued against the school district that employed the teacher who had committed the abuse. It first analogized the plaintiff's claim to the tort of battery, then consulted the Restatement (Second) of Torts for when the tort of battery is complete, and finally determined that the plaintiff's claim accrued at the time of the last physical contact or sexual abuse. Id. at 1215-16. Of particular note is that the court did not preclude application of a discovery rule to the issue of accrual. The Varnell plaintiff had argued that the discovery rule, "which delays accrual of a claim until the plaintiff knew or should have known the facts necessary to establish her cause of action," applied to her case. Id. at 1216. Without deciding whether the discovery rule does apply to section 1983 claims, the Tenth Circuit stated that, even if the rule does, the plaintiff's claim would still be untimely. Id. Thus, the court did not reject the discovery rule as a matter of law.
Consistently with its approach of tailoring the accrual inquiry to the claim at issue, when confronted with section 1983 claims alleging violation of the plaintiff's Eighth Amendment rights, the Tenth Circuit stated,
**252 "those claims accrued when [the plaintiff] knew or had reason to know, separately for each of these [d]efendants *** to be liable, that they had acted with deliberate indifference to a known risk to [the plaintiff's] medical needs, and that his or her deliberate indifference resulted in a delay in treatment that caused [the plaintiff] substantial harm."
Vasquez v. Davis , 882 F.3d 1270, 1276 (10th Cir. 2018) (internal citations and quotation marks omitted). The Tenth Circuit's claim-by-claim approach to the accrual issue reflects the functionality and flexibility that the Supreme Court emphasized.
Based on our reading of Wallace and Manuel , we consider a more expansive discovery rule, such as the one followed in T. R. and by courts in the Fifth, Seventh, and Eleventh Circuits, to comport with the practical realities for plaintiffs who are seeking to vindicate constitutional rights through claims under section 1983. Our conclusion is supported by federal appellate case law, which, despite lacking any conclusive uniformity, demonstrates definitively that defendant's first proposed accrual rule is unworkable. No federal circuit court has derived from Wallace the strict occurrence-based rule that defendant proposes. And although defendant's alternative articulation of the Wallace accrual rule-that discovery of an injury alone is enough to start the limitations period running-does find some support in federal appellate case law, we find that reading unpersuasive. In our view, a rule that requires a plaintiff to bring a claim without any regard for the plaintiff's knowledge of whom to sue is neither functional nor flexible.
III. CONCLUSION
We hold that an action under section 1983 accrues when a plaintiff knows or reasonably should know of the injury and the defendant's role in causing the injury. Thus, the trial court erred by applying an incorrect rule of law in considering when plaintiff's section 1983 claim accrued for purposes of defendant's motion for summary judgment. On review, the parties have not fully argued whether defendant is entitled to summary judgment under the correct accrual rule, and the trial court did not reach other arguments that defendant had asserted in his summary judgment motion.
**253 Accordingly, we reverse the judgment dismissing plaintiff's section 1983 claim against defendant and remand for further proceedings.
The decision of the Court of Appeals is affirmed. The judgment of the circuit court dismissing plaintiff's section 1983 claim against defendant is reversed, and the case is remanded to the circuit court for further proceedings.

Although OYA and defendant jointly petitioned for review, the only issue before us is the grant of summary judgment on plaintiff's claim against defendant. Our references to defendant's arguments are shorthand for their joint arguments.

Because we resolve this case on another ground, we do not address plaintiff's and amici 's argument for recognizing the discovery rule as a tolling provision.

The summary judgment record also includes a copy of case information from the Oregon Judicial Case Information Network pertaining to 2013 criminal charges brought against Milligan. The case information shows that Milligan was convicted of two counts of first-degree sexual abuse and one count of sexual penetration with a foreign object, resulting in a lengthy prison sentence. Plaintiff represented to the trial court that he was the abuse victim in that case.

The statute of limitations for section 1983 claims "is that which the [forum] [s]tate provides for personal-injury torts." Wallace , 549 U.S. at 387, 127 S.Ct. 1091 (citations omitted).

No party disputes that the injury in this case was Milligan's sexual abuse of plaintiff.

Manuel left unresolved whether a claim for unlawful pretrial detention is more analogous to a claim of false arrest (which accrues at the onset of legal process) or to a claim of malicious prosecution (which accrues only upon dismissal of the charges).

We note that the Supreme Court also consulted Dobbs' Law of Torts -albeit a different version-to inform its analysis of when the section 1983 claim in Wallace accrued. 549 U.S. at 388-89, 127 S.Ct. 1091.

In some jurisdictions, the claim does not accrue until the plaintiff also discovers or should have discovered that "the defendant may have been negligent or otherwise legally responsible." Dobbs, 1 The Law of Torts, Practitioner Treatise Series § 243 at 878-79.