No. 338 April 29, 2026 73

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Isaiah COOK,
*Plaintiff-Respondent,*

*v.*

STANLEY G. ALEXANDER, INC.,
using assumed business name
Alexander's Mobility Services;
Doug Blasingame; Paul Vaughn; Larry Dalton;
and Dillon Danielson,
*Defendants-Appellants.*

Multnomah County Circuit Court
24CV23385; A186105

Shelley D. Russell, Judge.

Argued and submitted February 5, 2026.

Hayden Regalado argued the cause for appellants. Also on the briefs were Marc Crabtree, and Jackson Lewis P.C.

Paul A. Bullman argued the cause for respondent. Also on the brief was The Bullman Law Firm.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendants appeal from an interlocutory order denying their motion to compel arbitration of plaintiff's employment discrimination and retaliation claims. On appeal, defendants contend that the trial court incorrectly concluded that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (EFAA), 9 USC §§ 401 and 402, barred enforcement of arbitration where plaintiff alleged retaliation for participating in a workplace sexual harassment investigation. Defendants argue that the EFAA permits victims of workplace sexual harassment to avoid arbitration, but does not extend to those who provide information about workplace sexual harassment during an investigation. For the reasons explained below, we conclude that the EFAA extends to reporters of workplace sexual harassment, which includes those who report witnessing sexual harassment during an investigation. The trial court did not err in denying defendants' motion to compel arbitration based on the EFAA. We affirm.

Plaintiff Isaiah Cook worked for defendant Stanley G. Alexander, Inc. from March 2023 until his employment was terminated in November 2023. In 2024, plaintiff filed this employment action against defendants, his former employer and various supervisors. In Counts 13 and 14 of the complaint, plaintiff asserted that defendants retaliated against him because he had participated in a workplace sexual harassment investigation. Plaintiff alleged that defendants' retaliation violated state law, namely ORS 659A.030 and its protections against retaliation for engaging in protected conduct in witnessing sexual harassment and then participating in a sexual harassment investigation. *See former* ORS 659A.030(1)(f) (2023), *renumbered as* ORS 659A.030(1)(g) (2025) (making it an unlawful employment practice to "discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so"). Defendants filed a motion to compel arbitration, seeking to enforce the arbitration agreement signed by plaintiff prior to beginning

employment. Plaintiff opposed arbitration on multiple grounds, including that the EFAA barred enforcement of arbitration in this case. Plaintiff explained that, during his employment, he "was interviewed as a witness in a sexual harassment investigation conducted by human resources," and during that interview he provided information that he witnessed a male in the workplace inappropriately "hitting on and pursuing a female employee." Defendants disagreed that plaintiff's participation in a workplace investigation implicated the EFAA, arguing that it only allows victims of workplace sexual assault and harassment to avoid arbitration. The trial court denied defendants' motion to compel arbitration based on the EFAA.[1]

On appeal, defendants renew their argument that the EFAA applies only to claims by alleged victims of sexual assault or sexual harassment and that the EFAA does not cover plaintiff's claims because he was a participant in an investigation into the sexual harassment of another employee. Defendants acknowledge that there is case law extending the EFAA to those who report the workplace sexual harassment of other employees, but they argue that those cases are not instructive here where plaintiff's role was that of a witness in the investigation. We review the denial of a motion to compel arbitration for legal error. *Citigroup Smith Barney v. Henderson*, 241 Or App 65, 69, 250 P3d 926 (2011).

Section 2 of the Federal Arbitration Act mandates that generally, agreements to arbitrate are "valid, irrevocable, and enforceable." 9 USC § 2. The EFAA limits the

---

[1] In the trial court and on appeal, the parties also disputed whether the parties formed a valid unilateral contract to arbitrate. The trial court denied the motion to compel arbitration based on the EFAA and did not rule on any other grounds. We also do not address the contract formation argument because we affirm the trial court's decision based on the EFAA.

We further note that defendants do not argue on appeal that the trial court erred in denying their motion to compel arbitration of the entire case because only Counts 13 and 14, and not the other counts, could relate to a sexual harassment claim. In the trial court, defendants moved to compel arbitration of the entire case. In their reply brief in support of their motion to compel, defendants then contended that, even if some claims were not subject to arbitration, the court could sever other arbitrable claims and send them to an arbitration forum. The trial court denied the motion based solely on the EFAA and did not address that issue. Regardless, because it was not argued to us, we do not address that issue either.

broad scope of that mandate in a particular set of cases. It provides, in relevant part:

> "Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, \* \* \* no predispute arbitration agreement \* \* \* shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute."

9 USC § 402(a). The EFAA defines a "sexual harassment dispute" as "a dispute *relating to* conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 USC § 401(4) (emphasis added).

In construing a federal statute, "we follow the methodology prescribed by the federal courts. Federal courts generally determine the meaning of a statute by examining its text and structure and, if necessary, its legislative history." *Corp. of Presiding Bishop v. City of West Linn*, 338 Or 453, 463, 111 P3d 1123 (2005) (citation omitted); *see also Johnson v. Everyrealm, Inc.*, 657 F Supp 3d 535, 561 n 22 (SDNY 2023) (explaining that, where "the EFAA's text supplies a clear answer to the questions at issue here, the Court does not have any charter to consider legislative history"). Under that methodology, we begin with the "cardinal canon" of statutory construction, that "Congress says in a statute what it means and means in a statute what it says there." *Sarepta Therapeutics, Inc. v. Oregon Health Authority*, 325 Or App 480, 492, 530 P3d 103, *rev den*, 371 Or 333 (2023) (internal quotation marks omitted). We also consider relevant case law from other jurisdictions for their persuasive authority, noting however, that in interpreting federal statutes, we are not bound by the decisions of the federal district or circuit courts.[2] *J. M. v. Oregon Youth Authority*, 288 Or App 642, 646, 406 P3d 1127 (2017), *aff'd*, 364 Or 232, 434 P3d 402 (2019) ("The only federal court that controls over the Oregon Supreme Court on matters of federal law is the United States Supreme Court.").

---

[2] The EFAA applies to disputes or claims that arise or accrue after its enactment date of March 3, 2022. Pub L 117-90, § 3, 136 Stat 26 (2022). No Oregon appellate court, nor the United States Supreme Court, has previously examined the scope of the EFAA.

By its plain terms, the EFAA is not limited to sexual harassment claims but, rather, applies to disputes "relating to" alleged sexual harassment. 9 USC § 401(4). We therefore readily agree with other jurisdictions that have concluded that the EFAA applies to retaliation claims based on reporting sexual harassment. *See Olivieri v. Stifel, Nicolaus & Company, Incorporated*, 112 F4th 74, 92 (2d Cir 2024) (concluding that "retaliation resulting from a report of sexual harassment is 'relat[ed] to conduct that is alleged to constitute sexual harassment'" (citing 9 USC §401(4))); *Hix v. Dave & Buster's Management Corporation, Inc.*, No 3:23-CV-623-AR, 2023 WL 9425283 at *9 (D Or Nov 14, 2023), *report and recommendation adopted*, 2024 WL 326592 (D Or Jan 29, 2024) (noting that the EFAA applies to retaliation claims when the alleged cause of the retaliation is reporting conduct that is alleged to constitute sexual harassment).

*Olivieri* and *Hix* involved claims by victims of sexual harassment where the victim also asserted retaliation for reporting that sexual harassment. But the plain language of the EFAA does not contain any limitation of its scope to *victims*. Rather, the plain text of the EFAA encompasses "dispute[s] relating to conduct that is alleged to constitute sexual harassment." 9 USC § 401(4). Plaintiff alleged that defendants retaliated against him for participating in a workplace sexual harassment investigation in which he reported witnessing the sexual harassment of another employee. That is a dispute "relat[ed] to" alleged workplace sexual harassment. We conclude that the EFAA applies to retaliation claims brought, not only by victims, but also by reporters of workplace sexual harassment.[3]

That conclusion is consistent with other courts that have applied the EFAA to retaliation claims by reporters of sexual harassment. *See Usai v. Club Management Miami II, LLC*, 801 F Supp 3d 1295, 1308 (SD Fla 2025) (concluding that the plaintiffs' retaliation claims were related to sexual harassment and fell within the EFAA where the plaintiffs alleged that defendants retaliated against them for reporting

---

[3] To the extent that defendants argue that plaintiff failed to plead a plausible sexual harassment claim for purposes of application of the EFAA, because plaintiff did not claim that he himself was subject to sexual harassment, we reject that argument for the reasons stated above.

the sexual harassment of their colleagues); *Lambert v. New Start Capital LLC*, 799 F Supp 3d 258, 281 (SDNY 2025) (an employee's claim of retaliation for reporting the sexual harassment of another employee related to conduct constituting sexual harassment and is covered by the EFAA). Defendants attempt to distinguish those cases by noting that they involved initial reporters of sexual harassment and not those interviewed by their employer during the course of an investigation. We decline to draw that distinction because we see no meaningful difference, for purposes of application of the clear terms of the statute, between initial and subsequent reporters of sexual harassment. In this case, plaintiff provided information, during an investigation, that he had witnessed workplace sexual harassment. In doing so, he reported sexual harassment to his employer. He alleges that defendants retaliated against him for making that report. As we have explained, that falls within the EFAA.

Defendants argue that *Newman v. Ambry Genetics Corporation*, No 2:24-CV-00887-BHH-MGB, 2024 WL 4164738, at *6 (DSC Apr 26, 2024), *report and recommendation adopted in relevant part*, 2024 WL 3811606 (DSC Aug 14, 2024), supports distinguishing initial reporters from those who report misconduct during an investigation. There the court concluded that, where "a plaintiff brings claims that are based on a witness statement he provided—rather than a grievance he personally filed or sexual assault or harassment he personally experienced—that plaintiff is not a 'sexual harassment claimant' and the EFAA's purpose is not served by allowing his case to be excused from arbitration." *Id.* We are not persuaded by *Newman* on that point. We agree with other courts that have extended the EFAA to reporters of sexual harassment, and we believe that the text of the EFAA covers both initial reporters and those who make a report during an investigation. Moreover, unlike here, the alleged victim in *Newman* did not assert a sexual harassment claim at all but, rather, alleged that another employee made a demeaning comment about her weight. *Id.* at *5.

In sum, applying the clear text of the EFAA and the federal case law we find persuasive, plaintiff alleged "a dispute *relating to* conduct that is alleged to constitute sexual

harassment" under applicable law. 9 USC § 401(4) (emphasis added). That is, plaintiff alleged that he reported unlawful sexual harassment as part of his employer's sexual harassment investigation. Plaintiff's allegations relate to conduct alleged to constitute sexual harassment under Oregon law. Thus, under the EFAA, plaintiff cannot be compelled to arbitrate, and the trial court did not err in denying defendants' motion to compel arbitration.

Affirmed.